UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRIN LAURY,

        Petitioner,                  Case Number: 2:16-11433
                                               HONORABLE SEAN F. COX

v.

GERALD KOLANOWSKI,

        Respondent.
_____/

## OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS AND DENYING CERTIFICATE OF APPEALABILITY

Petitioner Darrin Laury has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. He is presently housed at the Caro Center, a mental health facility operated by the State of Michigan. It is difficult to discern the conviction(s) challenged in this *pro se* petition. Petitioner references a 2015 domestic violence case, but indicates that he was acquitted of that charge. Petitioner also references a 2015 probate court proceeding. The Court dismisses the petition without prejudice because the Court cannot discern the conviction(s) challenged and, to the extent the petition challenges one of the two referenced 2015 proceedings, those claims are unexhausted.

I.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section

2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face.").

Petitioner fails to clearly identify the conviction(s) challenged, listing two case numbers in the space provided for identifying the challenged judgment of conviction. Petition ¶ 1. One of those cases resulted in an acquittal. Petition ¶ 6(b). The Court will not guess what conviction(s) Petitioner challenges. The petition is subject to dismissal on that basis.

Moreover, Petitioner fails to show exhaustion of state court remedies. A federal court may not grant habeas corpus relief to a state prisoner unless the prisoner first exhausts his remedies in state court. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). "Ordinarily, the state courts must have had the opportunity to pass on defendant's claims of constitutional violations." *Prather v. Rees*, 822 F.2d 1418 (6th Cir. 1987). "This rule of comity reduces friction between the state and federal court systems by avoiding the unseemliness of a federal district court's overturning a state court conviction without the state courts having had an opportunity to correct the constitutional violation in the first instance." *O'Sullivan,* 526 U.S. at 845 (internal quotation omitted). State prisoners in Michigan must raise each claim in both state appellate courts before seeking federal habeas corpus relief. *See Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990). The petitioner bears the burden of establishing exhaustion. *Rust v. Zent*, 17 F.3d 155, 160 (6th

Cir. 1994); *Caver v. Straub*, 349 F.3d 340, 345 (6th Cir. 2003).

Petitioner indicates in his petition that he raised challenges to the state court proceedings in the district court at various points in 2015.  He also states that he appealed to the highest state court having jurisdiction, Petition ¶ 11(d), but also indicates that he did not appeal to the highest state court having jurisdiction because the judge "refused to let my motion be heard before courts."  Petition ¶ 11(e).  A search of the Michigan One Court of Justice website does not indicate any appeal by Petitioner to the Michigan appellate courts.[1]

Petitioner fails to satisfy his burden of showing exhaustion of state court remedies.  Where a petition contains both exhausted and unexhausted claims, a district court may dismiss the unexhausted claims, retain jurisdiction over the exhausted claims, and stay proceedings pending exhaustion.  *Rhines v. Weber*, 544 U.S. 269, 278 (2005); *Griffin v. Rogers*, 308 F.3d 647, 652, n.1 (6th Cir. 2002).  In this case, the petition contains no exhausted claims over which the Court may retain jurisdiction.  Thus, the Court will dismiss the petition without prejudice so that Petitioner may pursue exhaustion of his state court remedies.

## II.

---

[1] *See* coa.courts.mi.gov/.  Public records and government documents, including those available from reliable online sources, are subject to judicial notice.  *See United States ex. rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003).  A federal district court is permitted to take judicial notice of another court's website.  *See e.g., Graham v. Smith*, 292 F. Supp. 2d 153, 155 n.2 (D. Me. 2003).

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings requires that a court "issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

In this case, the Court concludes that reasonable jurists would not debate the conclusion that Petitioner fails to clearly identify the conviction(s) challenged and that the claims are unexhausted. Therefore, the Court will deny a certificate of appealability.

### III.

For the foregoing reasons, the Court ORDERS the petition for a writ of habeas corpus DISMISSED WITHOUT PREJUDICE and DENIES a certificate of appealability.

SO ORDERED.

Dated: May 17, 2016
S/ Sean F. Cox
Sean F. Cox
U. S. District Judge

I hereby certify that on May 17, 2016, the foregoing document was served on counsel of record via electronic means and upon Darrin Laury via First Class mail at the address

4

below:

Darrin Laury 210443
Caro Center/OCJ
2000 Chambers Rd.
Caro, MI 48723

                                                        S/ J. McCoy
                                                        Case Manager